IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LLOYD T. SCHUENKE,

              ORDER

      Plaintiff,

              09-cv-441-bbc

  v.

WISCONSIN DEPARTMENT OF
CORRECTIONS; RICK RAEMISCH,
Secretary of the Wisconsin Department
of Corrections; JANE/JOHN DOE,
Deputy Secretary of the Wisconsin Department
of Corrections; JOHN DOES, Corrections
Complaint Examiner for the Wisconsin
Department of Corrections; JANE DOES,
Corrections Complaint Examiner for the
Wisconsin Department of Corrections;
JACKSON CORRECTIONAL INSTITUTION;
RANDALL R. HEPP, Warden of Jackson
Correctional Institution; CARI TAYLOR,
Deputy Warden of Jackson Correctional
Institution; MARK OLSON, Security
Director of Jackson Correctional Institution;
JODI DOUGHERTY, Inmate Complaint
Examiner at Jackson Correctional Institution;
YOLANDA ST. GERMAINE, Inmate
Complaint Examiner at Jackson Correctional
Institution; JOHN DOES Correctional Officers at
Jackson Correctional Institution; JANE DOES,
Correctional Officers at Jackson Correctional
Institution; JOHN DOES, Staff Members at
Jackson Correctional Institution; JANE DOES,

1

Staff Members at Jackson Correctional
Institution;

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Plaintiff Lloyd T. Schuenke, a prisoner at the Waupun Correctional Institution in Waupun, Wisconsin, has filed a proposed complaint, two motions to amend the proposed complaint to incorporate two supplements and a motion for leave to proceed <u>in forma pauperis</u>. That request will be denied, because plaintiff does not qualify for <u>in forma pauperis</u> status under 28 U.S.C. § 1915(g).

   Section 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has been denied leave to proceed <u>in forma pauperis</u> in lawsuits that were legally frivolous. <u>Schuenke v. Wisconsin Dept. of Corrections.</u>, 96-C-748 (W.D. Wis. Sept. 30, 1996); <u>Schuenke v. County of Milwaukee</u>, 97-C-46 (W.D. Wis. Jan. 30, 1997); and <u>Schuenke v. Wisconsin Dept. of Corrections</u>, 98-C-95 (W.D. Wis. Mar. 23, 1998).

2

Moreover, plaintiff's complaint does not allege facts from which an inference may be drawn that he is under imminent danger of serious physical injury. In his complaint, plaintiff alleges that defendants are responsible for subjecting him to second-hand smoke at the Jackson Correctional Institution, triggering his severe asthma and forcing him to use his asthma medications excessively, which he believes subjected him to further health risks. Also, in plaintiff's proposed supplements to the complaint, he alleges that prison staff have failed to return legal documents to him that had been taken from him in the course of his transfer from the Jackson Correctional Institution to the Waupun Correctional Institution.

Ordinarily, plaintiff's claim regarding his asthma might pass muster under § 1915(g). However, because plaintiff has been transferred out of the Jackson Correctional Institution, his asthma claim does not qualify under the imminent danger exception. The imminent danger exception "is available 'for genuine emergencies,' where 'time is pressing' and 'a threat ... is real and proximate.'" Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the court considers his request for leave to proceed in forma pauperis. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann, 337 F.3d at 782). Because plaintiff no longer faces a genuine emergency in light of his transfer from the Jackson Correctional Institution, I cannot allow him to proceed in forma pauperis on his asthma claim under the imminent danger

3

exception to § 1915(g). His allegations are of past harm only, for which he may recover money damages if he chooses to proceed as a paying litigant.

As for plaintiff's claim regarding his legal documents being withheld by prison staff, those allegations does not raise any concerns that he is under imminent danger of serious physical injury. Therefore, I will deny plaintiff's motion for leave to proceed in forma pauperis.

Because plaintiff is disqualified from proceeding in forma pauperis under § 1915(g), he may choose to pursue this case as a paying litigant. If so, he must submit a check or money order made payable to the clerk of court in the amount of $350 and he must do so no later than October 9, 2009. If he does this, however, plaintiff should be aware that I will screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. Also at that point I will consider his motions to amend the complaint.

If plaintiff does not pay the $350 filing fee by October 9, 2009, I will conclude that he does not want to pursue this action. In that event, the clerk of court is directed to close this file. However, even if the file is closed, plaintiff will still owe the $350 filing fee and he must pay it as soon as he has the means to do so. Newlin v. Helman, 123 F.3d 429, 436-437 (7th Cir. 1997). I will advise the warden of the institution in which plaintiff is confined

4

of his obligation to pay the fee so that if and when funds do exist in plaintiff's account, the fee can be collected and sent to the court in accordance with 28 U.S.C. § 1915(b)(2).

## ORDER

IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis, dkt. #2, is DENIED because he is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that plaintiff may have until October 9, 2009 in which to submit a check or money order made payable to the clerk of court in the amount of $350. If, by October 9, 2009, plaintiff fails to pay the fee, the clerk of court is directed to close this file. However, even in that event, the clerk of court is to insure that plaintiff's obligation to pay the $350 fee for filing this case is reflected in this court's financial records.

Entered this 17th day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5